UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALOUNSY KHAMMANIVONG,

    Plaintiff,

v.                                Case No.: 2:25-cv-01069-SPC-DNF

JOSEPH B. EDLOW *et al.*,

    Defendants,

                                /

## OPINION AND ORDER

Before the Court are petitioner Alounsy Khammanivong's Emergency Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 14), and Khammanivong's reply (Doc. 15). For the below reasons, the Court grants the petition.

**A. Background**

Khammanivong is a native of Laos. He was lawfully admitted to the United States as a refugee on July 25, 1986. In 2006, Khammanivong pleaded guilty to conspiracy to possess with intent to distribute cocaine and MDMA and served 41 months in the Bureau of Prisons. Upon his release from custody in February 2009, Immigration and Customs Enforcement ("ICE") detained Khammanivong and commenced removal proceedings by issuing a Notice to Appear. Khammanivong did not contest removal, and an immigration judge entered a removal order on March 10, 2009.

On June 11, 2009, when the 90-day removal period ended, ICE determined removal was not significantly likely in the reasonably foreseeable future and released Khammanivong from custody under an order of supervision. Khammanivong has remained in the United States since then, and he has fully complied with the supervision terms. ICE re-detained him on October 21, 2025, without identifying any change in circumstances. Khammanivong challenges the legality of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

**B. Jurisdiction**

Before addressing the merits of Khammanivong's claim, the Court must address its jurisdiction. The respondents argue two sections of the Immigration and Nationality Act ("INA") strip the Court of jurisdiction over this action. They first point to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision

or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Khammanivong does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Khammanivong challenges the legality of his detention under a framework devised by the Supreme Court. The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus

an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Khammanivong's petition is premature because he has not been detained for longer than six months.  Their argument assumes the six-month clock started on October 27, 2025, when Khammanivong's current detention began.  That assumption is inconsistent with *Zadvydas*.  It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every six months.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Khammanivong has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  In fact,

ICE made that determination when it released Khammanivong in 2009, after it was unable to remove him during the removal period. The burden thus shifts to the respondents, but they make no attempt at rebuttal. There is no evidence before the Court to suggest removal is more likely now than it was in 2009.

### D. Conclusion

The Court finds no significant likelihood Khammanivong will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*, but he remains subject to the terms of the 2009 Order of Supervision. (*See* Doc. 1-2 at 26-27). Accordingly, it is hereby

**ORDERED:**

Petitioner Alounsy Khammanivong's Emergency Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Khammanivong within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on December 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1